**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RICHARD SHETRON,

                                    Plaintiff,

   v.                                            No. 05-CV-280
                                                       (FJS/DRH)

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

---

**APPEARANCES:**                          **OF COUNSEL:**

ERWIN, McCANE & DALY            THOMAS C. ERWIN, ESQ.
Attorney for Plaintiff
23 Elk Street
Albany, New York 12207

HON. GLENN T. SUDDABY          WILLIAM H. PEASE, ESQ.
United States Attorney for the         Assistant United States Attorney
   Northern District of New York
Attorney for Defendant
100 South Clinton Street
Syracuse, New York 13261-7198

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

      Plaintiff Richard Shetron ("Shetron") brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying his application for benefits under the Social Security Act. Shetron moves for a finding of disability and the Commissioner cross-moves for a judgment on the pleadings. Docket Nos. 5, 6. For the reasons which follow, it is recommended that

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(d).

the Commissioner's decision be affirmed.

## I. Procedural History

On December 17, 2002, Shetron filed an application for disability insurance benefits pursuant to the Social Security Act, 42 U.S.C. § 401 et seq. T. 59-61.[2] That application was denied on May 1, 2003. T. 28-30. Shetron requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ John J. Mulrooney II on May 13, 2004. T. 15, 34. In a decision dated June 10, 2004, the ALJ held that Shetron was not entitled to disability benefits. T. 22. On June 30, 2004, Shetron filed a request for review with the Appeals Council. T. 10-11. The Appeals Council denied Shetron's request for review, thus making the ALJ's findings the final decision of the Commissioner. T. 4-6. This action followed.

## II. Contentions

Shetron contends that the ALJ erred when he failed to develop the record fully regarding his alleged severe depression, assess the severity of his impairments, and evaluate his credibility properly. Shetron also contends that the ALJ's residual functional capacity assessment and conclusion that he was not disabled were not supported by substantial evidence in the record. The Commissioner contends that there was substantial evidence to support the determination that Shetron was not disabled.

---

[2] "T." followed by a number refers to the pages of the administrative transcript filed by the Commissioner. Docket No. 4.

### III. Facts

The facts contained in Shetron's brief are adopted and are not disputed by the Commissioner, except for any inferences or legal conclusions drawn therein. Def. Mem. of Law (Docket No. 6) at 2. Shetron, now fifty-two, previously worked as a consultant, user support analyst, computer systems engineer, president of an internet service provider, and computer analyst. T. 16, 59. Shetron has obtained college and graduate-level education. T. 304. Shetron alleges that he became disabled on July 1, 2001 due to joint problems, diabetes, and glaucoma. T. 15.

### IV. Standard of Review

#### A. Disability Criteria

A claimant seeking disability benefits must establish that "he [or she] is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2003). In addition, the claimant's impairments must be of such severity that he or she is not able to do previous work or any other substantial gainful work considering the claimant's age, education, and work experience, regardless of whether such work exists in the immediate area, whether a specific job vacancy exists, or whether the claimant would be hired if he or she applied for work. 42 U.S.C. § 1382c(a)(3)(B) (2003).

The Commissioner uses a five-step process, set forth in 20 C.F.R. § 416.920, to evaluate SSI disability claims:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he [or she] is not, the [Commissioner] next considers whether the claimant has a 'severe impairment' which significantly limits his [or her] physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him [or her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a 'listed' impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he [or she] has the residual functional capacity to perform his [or her] past work. Finally, if the claimant is unable to perform his [or her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982); see 20 C.F.R. § 416.920 (2003).

The plaintiff has the burden of establishing disability at the first four steps. Shaw v. Chater, 221 F.3d 126, 132 (2d Cir. 2000). However, if the plaintiff establishes that an impairment prevents him or her from performing past work, the burden then shifts to the Commissioner to determine if there is other work which the claimant could perform. Id.

**B. Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw, 221 F.3d at 131 (citations omitted). It must be "more than a mere

4

scintilla" of evidence scattered throughout the administrative record. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see Curry v. Apfel, 209 F.3d 117, 122 (2d Cir. 2000).

"In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision." Prentice v. Apfel, No. 96 Civ. 851(RSP), 1998 WL 166849, at *3 (N.D.N.Y. Apr. 8, 1998) (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)). A court, however, cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. Yancey v. Apfel, 145 F.3d 106, 111 (2d Cir. 1998). If the Commissioner's finding is supported by substantial evidence, it is conclusive. Bush v. Shalala, 94 F.3d 40, 45 (2d Cir. 1996).

### V. Discussion

### A. Medical Evidence

Shetron alleges that his disability began on July 1, 2001 due to multiple joint problems, diabetes, and binocular glaucoma and diabetic retinopathy. T. 15, 69. In December 2002, Shetron was examined by Dr. Mabel Cheng. T. 186-90. Dr. Cheng concluded that Shetron's vision, with correction, was 20/50- OD and 20/25+ OS. T. 188. Dr. Cheng also found that Shetron had no limitations in his physical abilities. T. 189. On February 25, 2003, Shetron was examined by Dr. Aaron Siebeneck. T. 279. Dr. Siebeneck concluded that Shetron walked with a normal gait and had no gross abnormalities or deformities present. Id. Shetron was also examined by Dr. Susan Kerlinksy, who

concluded that he had a moderate restriction for prolonged standing, walking, climbing, and activities requiring fine visual acuity.  T. 217.

Between June and November 2003, Shetron was examined three separate times by Dr. Rajinder Jain for his diabetes.  T. 256-58.  During each examination, Dr. Jain noted that Shetron's peripheral joints had a full range of movement and no sensory deficits were documented.  Id.  On April 21, 2003, Dr. Carol Wakeley, a state agency physician, reviewed Shetron's medical records and concluded that he could sit for six hours, stand and walk for six hours, and lift up to twenty pounds.  T. 219.  Shortly thereafter, a state agency analyst considered Dr. Wakeley's findings, along with Shetron's medical records, and concluded that Shetron was not disabled.  T. 221-26.  On February 6, 2004, Dr. Cheng again examined Shetron and noted that his visual acuity, with correction, was 20/50+2 and 20/25-2.  T. 248.

### B. Development of the Record

Shetron contends that the ALJ failed to fully develop the record regarding his allegations of severe depression.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record."  Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996) (citing Echevarria v. Sec'y of HHS, 685 F.2d 751, 755 (2d Cir. 1982)).  Here, Shetron contends that the ALJ should have requested further development of the record because it "contains numerous references to the claimant's's history of depression and its negative impact on his ability to perform work."  Pl. Mem. of

Law (Docket No. 5) at 7.  However, Shetron fails to cite to any of these "numerous references" in the record and a review of the record demonstrates only that Shetron's depression was mentioned but not discussed as a severe impairment that affected his ability to work.  See T. 123, 214, 309.  Thus, Shetron's contention that the ALJ erred when he failed to develop the record fully regarding his alleged severe depression is without merit.

Therefore, it is recommended that the Commissioner's determination on this ground be affirmed.

### C.  Subjective Complaints of Pain

Shetron contends that the ALJ's decision not to credit his subjective complaints of disabling pain fully was in error. The Commissioner contends that the ALJ properly considered Shetron's symptoms.

The basis for establishing disability includes subjective complaints of pain even where the pain is unsupported by clinical or medical findings provided that the underlying impairment can be "medically ascertained."  20 C.F.R. § 404.1529 (2003); see also Snell v. Apfel, 177 F.3d 128, 135 (2d Cir. 1999).  A finding that a claimant suffered from disabling pain requires medical evidence of a condition that could reasonably produce such pain.  An ALJ must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be expected to be consistent with the medical and other evidence.  20 C.F.R. § 404.1529 (2003); Martone v. Apfel, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999).  Pain is a subjective concept  "difficult to prove, yet equally difficult to disprove" and courts

should be reluctant to constrain the Commissioner's ability to evaluate pain. Dumas v. Schweiker, 712 F.2d 1545, 1552 (2d Cir. 1983). If there is a rejection of the claims of disabling pain, the ALJ must provide specific reasons for doing so. Saviano v. Chater, 956 F. Supp. 1061, 1071 (E.D.N.Y. 1997).

The claimant's credibility and motivation, as well as the medical evidence of impairment, are used to evaluate the true extent of the alleged pain and the degree to which it hampers the applicant's ability to engage in substantial gainful employment. See Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1978); Lewis v. Apfel, 62 F. Supp. 2d 648, 653 (N.D.N.Y. 1999). If there is conflicting evidence about a claimant's pain where the degree of pain complained of is not consistent with the impairment, the ALJ must make credibility findings. Donato v. Sec'y of HHS, 721 F.2d 414, 418-19 (2d Cir. 1983). The ALJ must consider several factors pursuant to 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3):

> (I)  [The claimant's] daily activities;
>
> (ii)  The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms;
>
> (iii) Precipitating and aggravating factors;
>
> (iv)  The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate . . . pain or other symptoms;
>
> (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of . . . pain or other symptoms;
>
> (vi) Any measures [the claimant] use[s] or ha[s] used to relieve . . . pain or other symptoms (e.g., lying flat on [his] back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning [the claimant's] functional

limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2003).

Here, the ALJ concluded that Shetron's allegations of disabling pain were "not fully credible and are not consistent with the clinical and objective findings, the claimant's self-reported activities or daily living, his ongoing work activity, his overall testimony and the other evidence of record." T. 22. The ALJ noted that the record lacked any evidence demonstrating a significant degree of muscle atrophy, muscle spasm, motor or sensory loss, reflex abnormality, reduced range of motion of the spine or extremities, or a gait disturbance. T. 19. In February 2003, Dr. Kerlinksy examined Shetron and concluded that he had only a "moderate restriction for prolonged standing, walking, and climbing as well as for activities requiring fine visual acuity." T. 217. Dr. Kerlinsky also noted that Shetron appeared to be in "no acute distress" and had full range of motion of all joints except the left hip. T. 214-16. Further, Shetron stated that he lived alone, cared for his personal needs, watched television, rode an exercise bike, used the computer, and could drive a car. T. 18-19, 88-98, 290, 299-300, 302. The ALJ also found it significant that Shetron continued to work on independent computer software projects. T. 19, 291-92. Thus, there is substantial evidence to support the ALJ's conclusion that Shetron's subjective complaints of disabling pain were not fully credible.

Therefore, it is recommended that the Commissioner's determination on this ground be affirmed.

9

**D. Severity**

Shetron contends that the ALJ failed properly to assess the severity of his conditions. The Commissioner contends that the ALJ properly evaluated the severity of Shetron's impairments.

As mentioned above, step two of the sequential evaluation process requires a determination as to whether the claimant has a severe impairment which significantly limits the physical or mental ability to do basic work activities. See subsection IV(A) supra. The ability to do basic work activities is defined as "the abilities and activities necessary to do most jobs." 20 C.F.R. § 404.1521(b) (2003). Basic work activities which are relevant for evaluating the severity of a physical impairment include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling. 20 C.F.R. §§ 404.1521(b) (2003); see Pickering v. Chater, 951 F. Supp. 418, 424 (S.D.N.Y.1996).

An impairment is severe if it causes more than minimal functional limitations. 20 C.F.R. § 416.924(c). Age, education, and work experience are not evaluated in determining if the impairment or combination of impairments are severe. 20 C.F.R. § 416.920(c) (2003). The severity analysis does no more than "screen out de minimis claims." Dixon v. Shalala, 54 F.3d 1019, 1030 (2d Cir. 1995). If the disability claim rises above the de minimis level, then further analysis is warranted. Id. Where a claimant alleges multiple impairments, the combined effects of all impairments must be considered, regardless of whether any impairment, if considered separately, would be of sufficient severity. The next inquiry is whether a claimant retained the residual functional capacity to perform his or her past work. This inquiry must consider the combined effect of any impairments, whether or not they are

severe, through the remaining steps. 20 C.F.R. § 404.1523 (2003); Dixon, 54 F.3d at 1031.

Here, Shetron contends that his "multiple severe impairments, either alone or in combination, should have been found to meet or equal the level of severity of one or more Listings set forth in Appendix 1, Subpart P of the Regulations No. 4." Pl. Mem. of Law at 8. Shetron argues that the ALJ should have undertaken an analysis to determine whether he met or equaled the impairments listed in 1.00, Musculoskeletal System, 4. 00 Cardiovascular System, 9.00 Endocrine System, and/or 12.00 Mental Impairments. The ALJ concluded that

> the medical evidence establishes that [Shetron] has severe impairments consisting of obesity, insulin dependent diabetes mellitus, diabetic retinopathy, glaucoma, bursitis/osteoarthritis of the hips, Osgood-Schlatter disease, coronary artery disease, hypertension, hyperlipidemia and chronic onychomycosis, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

T. 21. In support of his findings, the ALJ cited the examinations of Drs. Kerlinsky and Jain, which found that Shetron had a normal gait with upper and lower extremity strength, a full range of motion of the peripheral joints, a regular heart rate and rhythm with no murmurs, intact hand/finger dexterity, and no significant varicosities or trophic changes of the lower extremities. T. 16, 214-18, 256-61. Further, the ALJ noted that Dr. Cheng determined that Shetron's visual acuity with correction was 20/50+2 and 20/25-2, OS. T. 16, 248. The ALJ also found it important to note that "no medical source of record has opined that the claimant's impairments meet or equal a listed impairment." T. 16. Thus, there is substantial evidence to support the ALJ's findings regarding Shetron's alleged impairments.

Accordingly, it is recommended that the Commissioner's findings in this regard be affirmed.

### E. Residual Functional Capacity

Shetron contends that substantial evidence does not support the ALJ's findings regarding his residual functional capacity ("RFC").

RFC describes what a claimant is capable of doing despite his or her impairments considering all relevant evidence, which consists of physical limitations, symptoms, and other limitations which go beyond the symptoms. Martone, 70 F. Supp. 2d at 150; see also 20 C.F.R. §§ 404.1545, 416.945 (2003). "RFC can only be established when there is substantial evidence of each physical requirement listed in the regulations." Smith v. Apfel, 69 F. Supp. 2d 370, 378 (N.D.N.Y. 1999) (citation omitted). In assessing RFC, the ALJ must make findings specifying what functions the claimant is capable of performing, not simply making conclusory statements regarding a claimant's capabilities. Martone, 70 F. Supp. 2d at 150. RFC is then used to determine whether the claimant can perform his or her past relevant work in the national economy. New York v. Sullivan, 906 F.2d 910, 913 (2d Cir. 1990); see also 20 C.F.R. § § 404.1545, 416.960 (2003).

Here, the ALJ concluded that Shetron's impairments did not prevent him from performing his past relevant work. T. 22. The ALJ found that Shetron had the RFC to perform work-related functions

> except for work requiring lifting and carrying objects weighing no more than ten pounds, prolonged standing and walking, more than occasional balancing,

12

> stooping, or climbing of ramps and stairs, any kneeling, crouching, crawling or climbing of ladders, ropes or scaffolds, or pushing/pulling with the lower extremities, including the operation of pedals, which can be performed with both legs elevated to footstool level.

Id. However, Shetron contends that the ALJ ignored "uncontradicted medical evidence in the record" that supports his disability claim. Pl. Mem. of Law at 10. Although it is unclear from his brief, Shetron appears to rely on the reports of Drs. Katz and Kerlinsky to support this contention.

In April 2002, Dr. Katz observed that Shetron had a diminished range of motion and a "moderate disability." T. 109. In February 2003, Dr. Kerlinsky concluded that Shetron had a "moderate restriction for prolonged standing, walking, and climbing as well as for activities requiring fine visual acuity." T. 217. However, the ALJ noted that Dr. Katz failed to complete an RFC assessment of Shetron and that there is no evidence that Dr. Katz has treated Shetron since April 2002. T. 20. The ALJ also noted that a February 2003 examination by Dr. Siebeneck revealed that Shetron had a normal gait with intact sensation. Id. Further, Dr. Kerlinsky's opinion regarding Shetron's visual acuity was contradicted by Dr. Cheng. T. 20. Dr. Cheng concluded that Shetron had no visual limitations and had corrected visual acuity of 20/50+2 OD and 20/25-2 OS with no evidence of recurrent macula edema. T. 20, 251. Moreover, the ALJ noted that the state agency physician who evaluated Shetron concluded that he retained the RFC to perform light work. T. 20, 221-26. Thus, there is substantial evidence to support the ALJ's conclusion that Drs. Katz and Kerlinsky's assessments were inconsistent with the medical evidence in the record.

Accordingly, it is recommended that the Commissioner's findings in this regard be affirmed.[3]

### VI. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the decision denying disability benefits be **AFFIRMED**, Shetron's motion for a finding of disability (Docket No. 5) be **DENIED**, and the Commissioner's cross-motion (Docket No. 6) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993) (citing Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: November 27, 2006
        Albany, New York

*David R. Homer*
United States Magistrate Judge

---

[3] Shetron also contends that because of the ALJ's incomplete RFC assessment and improper credibility determination, the hypothetical questions posed to the vocational expert are invalid and cannot support the ALJ's finding of "not disabled." See Pl. Mem. of Law at 11. However, as discussed above, the ALJ's conclusions as to each of these issues were supported by substantial evidence and, thus, Shetron's contention is without merit.